# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUIRINO VAZQUEZ-VARGAS,**

        **Plaintiff,**

        **v.**                        **Case No. 15-cv-454**

**CHIEF EXECUTIVE OF THE DEPARTMENT OF
HOMELAND SECURITY, et al.,**

        **Defendants.**

## SCREENING ORDER

While plaintiff was confined at the Kenosha County Detention Center, he filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is now before me on plaintiff's motion for leave to proceed in forma pauperis, his motion to appoint counsel, and for screening of his complaint.

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On May 5, 2015, I assessed an initial partial filing fee of $9.41. Plaintiff paid that fee on May 15, 2015. I will grant plaintiff's motion to proceed in forma pauperis.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The complaint allegations "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.  Legal conclusions must be supported by factual allegations.  Id.  If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

2

Plaintiff is suing various officials at Immigration Customs Enforcement, the Department of Homeland Security, the Lake County Jail, and the Kenosha County Detention Center. Plaintiff seeks damages in the amount of $500,000.

Plaintiff's complaint fails to state a claim because it does not give defendants fair notice of the claims and the grounds upon which they rest. The allegations are vague and conclusory, and it is impossible for me to draw a reasonable inference that the defendants are liable for any misconduct. Plaintiff states only that he "got injured" and defendants either "didn't care about [his] problem" or "did not cooperate to resolve [his] medical issue." (Docket #1 at 3.) He provides no factual content regarding his injury or regarding the defendants' response (or lack thereof). Because the allegations do not raise a right to relief above a speculative level, plaintiff's complaint fails to state a claim.

Normally, I would give plaintiff the opportunity to amend his complaint to cure the deficiencies I have identified. However, on June 11, 2015, the Kenosha County Sheriff's Office sent a letter advising me that plaintiff had been released from its custody to the custody of Immigration. Plaintiff has not updated his contact information, and I have been unable to identify plaintiff's current location. It would be futile to enter an order giving plaintiff the opportunity to amend his complaint when there is no method by which I can communicate that order to plaintiff. As such, I will dismiss the complaint without prejudice. If plaintiff resurfaces and is interested in pursuing his claims, he may file a motion to re-open this case and to file an amended complaint.

<u>Motion for Appointment of Counsel</u>

Plaintiff also filed a motion asking me to appoint counsel because he cannot afford to hire an attorney on his own. Plaintiff's motion refers only to the need for counsel to

3

assist him with his habeas petition; it does not explain why he needs assistance in this particular lawsuit. I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, courts require that a plaintiff contact at least three attorneys to inquire about representation. Plaintiff must then provide me with the names of the attorneys he contacts, the dates of contact, and, if possible, the attorneys' responses.

Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff did not satisfy the first step in the process described above. Regardless, I do not know plaintiff's current whereabouts so I am dismissing this lawsuit, which means plaintiff's request for counsel is moot.

### Motion Regarding Custody Redetermination

On May 11, 2015, plaintiff erroneously filed in this case a motion that was clearly intended for his habeas case, Case No. 15-cv-455 (E.D. Wis.). The motion asks for the immigration court to place the burden of proof on the government and to consider the length of his detention at his custody redetermination. The motion makes no mention of

4

and is not relevant to the allegations in this lawsuit. In any event, I resolved this motion on June 17, 2015, when I denied plaintiff's petition for a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket #3) is **DENIED**.

**IT IS ALSO ORDERED** that plaintiff's motion asking the immigration court to place the burden of proof on the government and to consider the length of his detention at his custody redetermination (Docket #10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that plaintiff shall pay the remainder of the filing fee ($340.59) as he is able. The payments shall be mailed to the clerk's office and clearly identified by the case name and number assigned to this action.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

5